## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF INDIANA
## HAMMOND DIVISION AT LAFAYETTE

| | |
|---|---|
| KEVIN SCOTT ROBINSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | NO. 4:10-CV-020 |
| ) | |
| JOHN EAGER and JASON ) | |
| DOMBKOWSKI, ) | |
| ) | |
| Defendants. ) | |

## OPINION AND ORDER

This matter is before the Court on a complaint filed by Kevin Scott Robinson on February 22, 2010. For the reasons set forth below, this case is **DISMISSED WITH PREJUDICE** pursuant to 28 U.S.C. § 1915A because the complaint does not state a claim.

BACKGROUND

Kevin Scott Robinson, a *pro se* prisoner, filed this lawsuit pursuant to 42 U.S.C. § 1983. He was granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.

DISCUSSION

Pursuant to 28 U.S.C. § 1915A, the Court must review a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from

such relief. 28 U.S.C. § 1915A(a), (b). Courts apply the same standard under § 1915A as when addressing a motion under Federal Rule of Civil Procedure 12(b)(6). *Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006). To survive a motion to dismiss under Rule 12(b)(6), a complaint must state a claim for relief that is plausible on its face. *Bissessur v. Indiana Univ. Bd. of Trs.*, 581 F.3d 599, 602-03 (7th Cir. 2009). A claim has facial plausibility "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. ___, ___; 129 S. Ct. 1937, 1949 (2009). The court also must bear in mind that "[a] document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus,* 551 U.S. 89, 94 (2007).

The claims raised in the complaint stem from Robinson's May 1, 2008, arrest on drug charges. Giving the complaint liberal construction, Robinson alleges that he was arrested for dealing drugs on that date after Detective John Eager of the West Lafayette Police Department conducted a field test of a substance found in Robinson's possession and determined that it was methamphetamine. Robinson alleges that he told Detective Eager that they were "fake drugs," but he was nevertheless arrested and charged with dealing methamphetamine. (DE# 1 at 3.) He further alleges that subsequent

2

testing revealed the substance was not actually methamphetamine, and as a result the charges against him were reduced from A to C felonies. (*Id.* at 4.) He alleges that the fact the charges were originally brought as A felonies meant that his bond was set significantly higher than it otherwise would have been. (*Id.*) He sues Detective Eager for arresting him "without knowing beyond a shadow of a doubt the drugs were a controlled substance." (*Id.* at 3.) He also sues Chief of Police Jason Dombkowski as "Mr. Eager's boss." (*Id.* at 4.)

The existence of probable cause is an "absolute bar" to a Fourth Amendment false arrest claim. *McBride v. Grice*, 576 F.3d 703, 707 (7th Cir. 2009). The plaintiff bears the burden of proving the absence of probable cause. *Id.* at 706-07. An officer has probable cause to arrest "if a reasonable person would believe, based on the facts and circumstances known at the time, that a crime had been committed." *McBride*, 576 F.3d at 707. Possession of a substance that appears to be an illegal drug constitutes probable cause for an arrest, even if the substance later turns out not to be a controlled substance. *See Garcia v. City of Chicago*, 24 F.3d 966, 970-71(7th Cir. 1994); *see also Kimbrew v. Evansville Police Dep't*, 867 F. Supp. 818, 826 (S.D. Ind. 1994) (positive field test of substance that appeared to be an illegal drug constituted probable cause for arrest even though more thorough testing later revealed substance was not in fact illegal).

Here, it is reasonable to infer from the complaint that the substance at issue resembled a controlled substance and was recovered under circumstances that led Detective Eager to believe it was a controlled substance. Detective Eager conducted a field test of the substance and it tested positive as methamphetamine. Based on the information known to Detective Eager at the time, there was probable cause for an arrest. Contrary to Robinson's assertion, the Fourth Amendment did not require Detective Eager to know "beyond a shadow of a doubt" that the substance was methamphetamine before arresting him. (*See* DE# 1 at 3.)

Even assuming Detective Eager did not have probable cause to arrest Robinson for dealing methamphetamine, his Fourth Amendment claim will fail if there was probable cause to arrest him for *any* offense. *Williams v. Rodriguez*, 509 F.3d 392,399 (7th Cir. 2007). Robinson admitted telling Detective Eager that the substance was "fake drugs," and selling "look-alike" drugs is itself a crime under Indiana law. IND. CODE 35-48-4-4.5. At a minimum, based on the facts alleged in the complaint, there was probable cause to arrest

Robinson for that offense. For these reasons, Robinson has failed to state a Fourth Amendment claim against Detective Eager.[1]

Robinson's claim against Chief Dombkowski fares no better. "Section 1983 does not establish a system of vicarious responsibility" and "public employees are responsible for their own misdeeds but not for anyone else's." *Burks v. Raemisch*, 555 F.3d 592, 596 (7th Cir. 2009). Chief Dombkowski cannot be held liable solely in his capacity as "Mr. Eager's boss," and there is nothing in the complaint to indicate that he had personal involvement in these events. It appears Robinson may be alleging that Chief Dombkowski is liable for failing to properly train Detective Eager, which could theoretically state a claim for municipal liability under *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 690-91 (1978). However, to state a claim for municipal liability, Robinson must first show that his constitutional rights were violated. *See Alexander v. City of South Bend*, 433 F.3d 550, 557 (7th Cir. 2006) (municipal defendant could not be held liable for inadequate training of police officers unless officer caused a constitutional violation). As stated above,

---

[1] To the extent Robinson is attempting to raise some claim against Detective Eager pertaining to the charges brought against him, it would be up to the prosecutor, not Detective Eager, what charges to bring. Robinson has not sued the prosecutor, and it would be pointless to do so, because the prosecutor enjoys absolute prosecutorial immunity for his evaluation of the evidence and decision to bring charges. *Buckley v. Fitzsimmons*, 509 U.S. 259, 270 (1993); *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976).

5

Robinson has failed to show that Detective Eager violated his Fourth Amendment rights, and accordingly, his claim against Chief Dombkowski fails as well.

CONCLUSION

For the reasons set forth above, this case is **DISMISSED WITH PREJUDICE** pursuant to 28 U.S.C. § 1915A because the complaint does not state a claim for relief.

**DATED:  March 1, 2010** /s/RUDY LOZANO, Judge
United States District Court