```
IN THE UNITED STATES DISTRICT COURT
  FOR THE NORTHERN DISTRICT OF INDIANA
       HAMMOND DIVISION AT LAFAYETTE
```

KEVIN SCOTT ROBINSON,         )
                              )
Plaintiff,                    )
                              )
vs.                           )      NO. 4:10-CV-020
                              )
JOHN EAGER and JASON          )
DOMBKOWSKI,                   )
                              )
Defendants.                   )

## OPINION AND ORDER

This matter is before the Court on a letter which is construed as a motion to vacate pursuant to Federal Rule of Civil Procedure 60(b), filed by Plaintiff, Kevin Scott Robinson, a *pro se* prisoner. (DE 9.) For the reasons set forth below, the motion is **DENIED**.

BACKGROUND

Kevin Scott Robinson, a *pro se* prisoner, filed this lawsuit pursuant to 42 U.S.C. § 1983 challenging his arrest and detention on drug charges. He was granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. (DE 5.) On March 2, 2010, the Court dismissed the case under 28 U.S.C. § 1915A because Robinson's allegations failed to state a claim for relief. (DE 6.) On April 27, 2010, Robinson sent the Court a letter, which the Court construes as a motion to vacate under Rule 60(b), complaining that the dismissal of his complaint was erroneous. (DE 9.)

DISCUSSION

Rule 60(b) is an "extraordinary remedy" that is granted "only in exceptional circumstances." *Karraker v. Rent-A-Center, Inc.*, 411 F.3d 831, 837 (7th Cir. 2005). The reasons for granting such relief are: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud or other misconduct by the opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; or (6) any other reason justifying relief from the operation of the judgment. FED. R. CIV. P. 60(b).

Nothing in Robinson's letter indicates that he can meet any of the above criteria. Instead, he merely reiterates his allegations that the arresting officer did not properly conduct a field test of the drugs and that, as a result, his bond was set too high. For the reasons fully explained in the prior order, Robinson's allegations fail to state a claim for relief against either the arresting officer or the chief of police. (*See* DE 6 at 2-6.) To the extent Robinson is attempting to argue that the charges against him were improper or that his conviction is invalid, he is prohibited from doing so in this Section 1983 suit pursuant to *Heck v. Humphrey*, 512 U.S. 477 (1994). There being no basis for vacating the judgment, the motion will be denied.

CONCLUSION

    For the reasons set forth above, the motion to vacate (DE 9) is **DENIED.**


DATED: May 12, 2010                        /s/RUDY LOZANO, Judge
                                                      **United States District Court**